**MICHAEL N. FEUER**, City Attorney
**THOMAS H. PETERS**, Chief Assistant City Attorney
**RONALD S. WHITAKER**, Managing Assistant City Attorney
**ERIC BROWN**, Deputy City Attorney (SBN 170410)
200 North Main Street, Room 916
Los Angeles, California 90012
Telephone: 213.473.6877
Facsimile: 213.473.6818
Eric.Brown@lacity.org

Attorneys for Defendants CITY OF LOS ANGELES, CHARLES L. BECK,
MICHAEL N. FEUER, WILLIAM J. BRATTON, HEATHER AUBRY,
RICHARD TOMPKINS, and JAMES EDWARDS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE WILLIAM WRIGHT <br><br> Plaintiff, <br><br> v. <br><br> CHARLES L. BECK; MICHAEL N. FEUER; WILLIAM J. BRATTON; HEATHER AUBRY; RICHARD TOMPKINS; and JAMES EDWARDS; CITY OF LOS ANGELES; and DOES 1-50, <br><br><br> Defendants. | **CASE NO.: 2:15-CV-5805-R-PJW** <br><br> **[Assigned to Hon. Manuel L. Real]** <br><br> **ANSWER OF DEFENDANTS** <br><br> **DEMAND FOR JURY TRIAL** |

COME NOW Defendants CITY OF LOS ANGELES, CHARLES L. BECK, MICHAEL N. FEUER, WILLIAM J. BRATTON, HEATHER AUBRY, RICHARD TOMPKINS, and JAMES EDWARDS ("Defendants"), and in answering the Plaintiffs' Complaint, admit, deny, and allege as follows:

**Jurisdiction and Venue**

1.      In response to paragraph 1, Defendants deny each and every allegation contained therein.

2.      In response to paragraph 2, Defendants deny each and every allegation contained therein.

**Introduction and Summary of the Case**

3.      In response to paragraph 3, Defendants deny each and every allegation contained therein.

4.      In response to paragraph 4, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation.

5.      In response to paragraph 5, Defendants admit that the LAPD has applied for grants from Project Safe Neighborhoods. Defendants deny each and every remaining allegation.

6.      In response to paragraph 6, Defendants deny that Plaintiff's assemblage of weapons qualifies as a "collection" under federal law, as to Defendants' knowledge Plaintiff was not a "collector" under federal law. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in said paragraph, and on that basis deny each and every allegation.

7.      In response to paragraph 7, Defendants admit that they first became aware of Plaintiff's activities at a gun show. Defendants deny each and every remaining allegation.

8.      In response to paragraph 8, Defendants deny each and every allegation contained therein.

9.      In response to paragraph 9, Defendants admit that Defendant Edwards approached Plaintiff about purchasing a gun as part of a sting operation. Defendants deny each and every remaining allegation.

10.     In response to paragraph 10, Defendants admit that Plaintiff sold a gun illegally to an undercover officer, that Plaintiff was arrested and prosecuted, and that as

2

part of his prosecution a search warrant was issued and guns found on Plaintiff's property were seized, and that said guns became property subject to the authority of the criminal court. Defendants deny each and every remaining allegation.

11.     In response to paragraph 11, Defendants admit Plaintiff was in possession of an illegal assault rifle and a silencer.  Defendants deny each and every remaining allegation.

12.     In response to paragraph 12, Defendants deny each and every allegation contained therein.

13.     In response to paragraph 13, Defendants Defendants deny each and every allegation contained therein.

14.     In response to paragraph 14, Defendants deny each and every allegation contained therein.

15.     In response to paragraph 15, Defendants deny each and every allegation contained therein.

16.     In response to paragraph 16, Defendants admit that Penal Code § 33875 allows a firearm to be destroyed 180 days after an owner has been notified the firearm is available for return. Defendants deny each and every remaining allegation.

17.     In response to paragraph 17, Defendants deny each and every allegation contained therein.

18.     In response to paragraph 18, Defendants deny each and every allegation contained therein.

19.     In response to paragraph 19, Defendants deny each and every allegation contained therein.

20.     In response to paragraph 20, Defendants deny each and every allegation contained therein.

21.     In response to paragraph 21, Defendants deny each and every allegation contained therein.

22.     In response to paragraph 22, Defendants deny each and every allegation

contained therein.

23.    In response to paragraph 23, Defendants deny each and every allegation contained therein.

**Parties**

24.    In response to paragraph 24, Defendants admit the allegations contained therein.

25.    In response to paragraph 25, Defendants admit that Defendant Beck is the Chief of the LAPD, and has the authority commensurate with that office. Defendants deny each and every remaining allegation.

26.    In response to paragraph 25, Defendants admit that Defendant Feuer is the Los Angeles City Attorney, and has the authority commensurate with that office. Defendants deny each and every remaining allegation.

27.    In response to paragraph 25, Defendants admit that Defendant Bratton is the former chief of the LAPD, and that when he held that title, he had the authority commensurate with that office. Defendants deny each and every remaining allegation.

28.    In response to paragraph 25, Defendants admit that Defendant Aubry is a Deputy City Attorney for the City of Los Angeles. Defendants deny each and every remaining allegation.

29.    In response to paragraph 25, Defendants admit that Defendant Tompkins was a Detective with the LAPD at the time Plaintiff's cause of action, if any, accrued, and was with the Gun Unit. Defendants deny each and every remaining allegation.

30.    In response to paragraph 25, Defendants admit that Defendant Edwards was a Detective with the LAPD at the time Plaintiff's cause of action, if any, accrued, and was with the Gun Unit. Defendants deny each and every remaining allegation.

31.    In response to paragraph 31, Defendants admit the allegations contained therein.

32.    In response to paragraph 32, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on

that basis deny each and every allegation.

## Facts

33.     In response to paragraph 33, Defendants deny that Plaintiff was convicted on August 17, 2006, or that it was a misdemeanor of which Plaintiff was convicted. Defendants admit that at the time of sentence, which was August 17, 2006, Plaintiff received probation.

34.     In response to paragraph 34, Defendants admit approximately 400 firearms were seized from Plaintiff after his arrest. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein, and on that basis deny each and every allegation.

35.     In response to paragraph 35, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation.

36.     In response to paragraph 36, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation.

**A.      The Court Ordered Return of All Non-firearm Property**

37.     In response to paragraph 37, Defendants admit allegations therein.

38.     In response to paragraph 38, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation.

39.     In response to paragraph 39, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation.

40.     In response to paragraph 40, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation.

41.     In response to paragraph 41, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation.

42.     In response to paragraph 42, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation.

43.     In response to paragraph 43, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation.

44.     In response to paragraph 44, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation.

45.     In response to paragraph 45, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation.

46.     In response to paragraph 46, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation.

47.     In response to paragraph 47, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation.

48.     In response to paragraph 48, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation.

49.     In response to paragraph 49, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation.

**B.      Plaintiff's Sworn Declaration of Ownership Should Have Been Sufficient, but LAPD Unlawfully Required Original Receipts as Proof of Ownership**

50.      In response to paragraph 50, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation.

51.      In response to paragraph 51, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on this basis deny each and every allegation.

52.      In response to paragraph 52, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation.

53.      In response to paragraph 53, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation.

54.      In response to paragraph 54, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation.

**C.      Plaintiff's Probation Ended in August 2009**

55.      In response to paragraph 55, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation.

56.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation.

57.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every

allegation.

58.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation.

59.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation.

60.     Defendants admit that Defendant Edwards did not find the receipts provided by Plaintiff to be reliable proof of ownership. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis deny the remaining allegations.

61.     In response to paragraph 61, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation.

### D.     Plaintiff Continued to Seek the Firearms' Return and LAPD Continued to Unlawfully Refuse

62.     In response to paragraph 62, Defendants admit that: in September 2011, Plaintiff presented the criminal court with all arguments and evidence he had as to why the firearms should be returned to him; that the LAPD opposed Plaintiff's motion with its reasons for not finding Plaintiff's proof satisfactory; that the LAPD argued that only those firearms actually registered to Plaintiff should be released; and that the criminal court sided with the LAPD and, on October 17, 2011, issued an order consistent with the position advanced by the LAPD. Defendants are informed and believe that Plaintiff never moved for reconsideration of this ruling, never brought a writ of mandate to reverse this order, and never sought a writ to challenge the LAPD's determination that Plaintiff's

8

proof was insufficient.

63.     In response to paragraph 63, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation.

64.     In response to paragraph 64, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegation.

65.     In response to paragraph 65, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on this basis deny each and every allegation.

**E.     LAPD and its Agents Continued to Deny Plaintiff's Requests to Retrive Property Despite DOJ's Repeated Findings that Plaintiff was Eligible to Regain Firearms**

66.     In response to paragraph 66, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on this basis deny each and every allegation.

67.     In response to paragraph 67, Defendants deny each and every allegation contained therein.

68.     In response to paragraph 68, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations that there was never a requirement prior to January 1, 2014 that a long gun not be in AFS, and on this basis deny the allegation at this time. Defendants deny each and every remaining allegation.

69.     In response to paragraph 69, Defendants deny each and every allegation contained therein.

70.     In response to paragraph 70, Defendants deny each and every allegation contained therein.

**F.**     **The Office of the City Attorney Applied for an Illegal Ex Parte Court Order to Destroy the Firearms**

71.     In response to paragraph 71, Defendants deny each and every allegation contained therein.

72.     In response to paragraph 72, Defendants deny each and every allegation contained therein.

73.     In response to paragraph 73, Defendants deny each and every allegation contained therein.

74.     In response to paragraph 74, Defendants incorporates by this reference, as though fully set forth at length herein, its responses to the complaint set forth in paragraphs 1 through 74, inclusive.

**G.**     **LAPD Used and Damaged the Firearms While They Were in it Custody**

75.     In response to paragraph 75, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on this basis deny each and every allegation.

76.     In response to paragraph 76, Defendants deny each and every allegation contained therein.

77.     In response to paragraph 77, Defendants deny each and every allegation contained therein.

78.     In response to paragraph 78, Defendants deny each and every allegation contained therein.

**H.**     **LAPD Destroyed the Firearms and Related Property While Claiming They Were Still Reviewing Plaintiff's Proof of Ownership**

79.     In response to paragraph 79, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on this basis deny each and every allegation.

80.     In response to paragraph 80, Defendants deny each and every allegation contained therein.

81.     In response to paragraph 81, Defendants deny each and every allegation contained therein.

82.     In response to paragraph 82, Defendants deny each and every allegation contained therein.

83.     In response to paragraph 83, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on this basis deny each and every allegation.

84.     In response to paragraph 84, Defendants deny that Defendant Aubry confirmed that she sought and received an unlawful ex parte. Defendants admit that in December of 2013 they received an order from Judge Sandvig, who had issued the original search warrant, to destroy the firearms. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein, and on this basis deny those allegations.

85.     In response to paragraph 85, Defendants deny each and every allegation contained therein.

86.     In response to paragraph 86, Defendants admit the language from Penal Code § 33875. Defendants deny the remaining allegations.

87.     In response to paragraph 87, Defendants deny each and every allegation contained therein.

88.     In response to paragraph 88, Defendants admit that they destroyed all firearms seized from Plaintiff other than the 26 the criminal court ordered released. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein, and on this basis deny those allegations.

89.     In response to paragraph 89, Defendants deny each and every allegation contained therein.

90.     In response to paragraph 90, Defendants deny each and every allegation contained therein.

91.     In response to paragraph 91, Defendants deny each and every allegation contained therein.

## First Claim for Relief

## Violation of Civil Rights (42 U.S.C. § 1983)

92.     In response to paragraph 92, Defendants incorporate by this reference, as though fully set forth at length herein, its answers to the complaint set forth in paragraphs 1 through 91, inclusive.

93.     In response to paragraph 93, Defendants admit the allegations contained therein.

94.     In response to paragraph 94, Defendants deny each and every allegation contained therein.

95.     In response to paragraph 95, Defendants deny each and every allegation contained therein.

96.     In response to paragraph 96, Defendants deny each and every allegation contained therein.

97.     In response to paragraph 97, Defendants deny each and every allegation contained therein.

98.     In response to paragraph 98, Defendants deny each and every allegation contained therein.

99.     In response to paragraph 99, Defendants deny each and every allegation contained therein.

100.    In response to paragraph 100, Defendants deny each and every allegation contained therein.

101.    In response to paragraph 101, Defendants deny each and every allegation contained therein.

102.    In response to paragraph 102, Defendants deny each and every allegation

contained therein.

103.   In response to paragraph 103, Defendants deny each and every allegation contained therein.

104.   In response to paragraph 104, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on this basis deny each and every allegation.

105.   In response to paragraph 105, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on this basis deny each and every allegation.

106.   In response to paragraph 106, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on this basis deny each and every allegation.

107.   In response to paragraph 107, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on this basis deny each and every allegation.

108.   In response to paragraph 108, Defendants deny each and every allegation contained therein.

109.   In response to paragraph 109, Defendants deny each and every allegation contained therein.

110.   In response to paragraph 110, Defendants deny each and every allegation contained therein.

111.   In response to paragraph 111, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on this basis deny each and every allegation.

112.   In response to paragraph 112, Defendants deny each and every allegation contained therein.

113.   In response to paragraph 113, Defendants deny each and every allegation contained therein.

114.   In response to paragraph 114, Defendants deny each and every allegation contained therein.

## Violation of Fourth Amendment

115.   In response to paragraph 115, Defendants incorporate by this reference, as though fully set forth at length herein, its answers to the complaint set forth in paragraphs 1 through 114, inclusive.

116.   In response to paragraph 116, Defendants admit the allegations contained therein.

117.   In response to paragraph 117, Defendants deny each and every allegation contained therein.

118.   In response to paragraph 118, Defendants deny each and every allegation contained therein.

## Violation of Fifth Amendment

119.   In response to paragraph 119, Defendants incorporate by this reference, as though fully set forth at length herein, its answers to the complaint set forth in paragraphs 1 through 118, inclusive.

120.   In response to paragraph 120, Defendants admit the allegations contained therein.

121.   In response to paragraph 121, Defendants deny each and every allegation contained therein.

122.   In response to paragraph 122, Defendants deny each and every allegation contained therein.

## Violation of Fourteenth Amendment

123.   In response to paragraph 123, Defendants incorporate by this reference, as though fully set forth at length herein, its answers to the complaint set forth in paragraphs 1 through 122, inclusive.

124.   In response to paragraph 124, Defendants admit the allegations contained therein.

125.   In response to paragraph 125, Defendants deny each and every allegation contained therein.

126.   In response to paragraph 126, Defendants deny each and every allegation contained therein.

## Second Claim for Relief

## State Law Torts of Conversion and Trespass to Chattels

127.   In response to paragraph 127, Defendants incorporate by this reference, as though fully set forth at length herein, its answers to the complaint set forth in paragraphs 1 through 126, inclusive.

128.   In response to paragraph 128, Defendants deny each and every allegation contained therein.

129.   In response to paragraph 129, Defendants deny each and every allegation contained therein.

## Third Claim for Relief

## Violation of RICO (18 U.S.C. § 1961 et seq.)

130.   In response to paragraph 130, Defendants incorporate by this reference, as though fully set forth at length herein, its answers to the complaint set forth in paragraphs 1 through 129, inclusive.

131.   In response to paragraph 131, Defendants admit that the citation shows the general requirements for a RICO claim.

132.   In response to paragraph 132, Defendants admit that the citation shows a general requirement for a RICO claim.

133.   In response to paragraph 133, Defendants deny each and every allegation contained therein.

134.   . In response to paragraph 134, Defendants deny each and every allegation contained therein.

135.   In response to paragraph 135, Defendants deny each and every allegation contained therein.

136.   In response to paragraph 136, Defendants deny each and every allegation contained therein.

137.   In response to paragraph 137, Defendants deny each and every allegation contained therein.

138.   In response to paragraph 138, Defendants deny each and every allegation contained therein.

139.   In response to paragraph 139, Defendants deny each and every allegation contained therein.

140.   In response to paragraph 140, Defendants deny each and every allegation contained therein.

141.   In response to paragraph 141, Defendants deny each and every allegation contained therein.

142.   In response to paragraph 142, Defendants deny each and every allegation contained therein.

143.   In response to paragraph 143, Defendants deny each and every allegation contained therein.

144.   In response to paragraph 144, Defendants deny each and every allegation contained therein.

145.   In response to paragraph 145, Defendants deny each and every allegation contained therein.

146.   In response to paragraph 146, Defendants deny each and every allegation contained therein.

147.   In response to paragraph 147, Defendants deny each and every allegation contained therein.

148.   In response to paragraph 148, Defendants deny each and every allegation contained therein.

149.   In response to paragraph 149, Defendants deny each and every allegation contained therein.

150.    In response to paragraph 150, Defendants deny each and every allegation contained therein.

151.    In response to paragraph 151, Defendants deny each and every allegation contained therein.

## Fourth Claim for Relief
## Conspiracy to Violate RICO

152.    In response to paragraph 152, Defendants incorporate by this reference, as though fully set forth at length herein, its answers to the complaint set forth in paragraphs 1 through 151, inclusive.

153.    In response to paragraph 153, Defendants admit the allegations contained therein.

154.    In response to paragraph 154, Defendants deny each and every allegation contained therein.

155.    In response to paragraph 155, Defendants deny each and every allegation contained therein.

## Prayer

156.    In response to paragraph 156, Defendants deny each and every allegation contained therein.

157.    In response to paragraph 157, Defendants deny each and every allegation contained therein.

158.    In response to paragraph 158, Defendants deny each and every allegation contained therein.

159.    In response to paragraph 159, Defendants deny each and every allegation contained therein.

160.    In response to paragraph 160, Defendants deny each and every allegation contained therein.

161.    In response to paragraph 161, Defendants deny each and every allegation contained therein.

162.   In response to paragraph 162, Defendants deny each and every allegation contained therein.

## Defendant's Affirmative Defenses

### First Affirmative Defense

Plaintiff's claims are barred by res judicata, as the criminal court has decided on two prior occasions that Plaintiff is not entitled to the firearms.

### Second Affirmative Defense

Plaintiff is not allowed to maintain a civil action which would necessarily imply the invalidity of his conviction, because he has not yet obtained a reversal of that conviction.

### Third Affirmative Defense

Plaintiff seeks to have this court determine and redirect significant portions of a state law regulatory scheme, in violation of the *Burford* abstention doctrine. See *Burford v. Sun Oil Co.*, 319 U.S. 315, 334, 63 s. Ct. 1098, 87 L. Ed. 2d 1424 (1943).

### Fourth Affirmative Defense

Plaintiff's federal civil rights claims are barred by the statute of limitations.

### Fifth Affirmative Defense

Plaintiff's state law claims are barred by the statute of limitations.

### Sixth Affirmative Defense

Plaintiff has failed to state a cause of action under the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1961 et seq.

### Seventh Affirmative Defense

Plaintiff has failed to state a cause of action under 42 U.S.C. § 1983.

### Eighth Affirmative Defense

Plaintiff has failed to state a cause of action for conversion.

### Ninth Affirmative Defense

Plaintiff has failed to state a cause of action for trespass to chattels.

**Tenth Affirmative Defense**

Plaintiff has failed to state a cause of action for replevin.

**Eleventh Affirmative Defense**

Plaintiff has failed to state a cause of action against each individual defendant sued herein.

**Twelfth Affirmative Defense**

Plaintiff has failed to state a cause of action against the City of Los Angeles, as he pleads only the single event involving himself, and pleads official policies of the City of Los Angeles that are appropriate and non-violative of civil rights.

**Thirteenth Affirmative Defense**

Plaintiff's claims are barred by laches.

**Fourteenth Affirmative Defense**

Plaintiff's claims are barred by his failure to exhaust administrative and judicial remedies in state court prior to bringing a federal action.

**Fifteenth Affirmative Defense**

Plaintiff attempts to have this federal court sit as an appellate court over the appropriateness of proof presented to and accepted by the California criminal law court, and as such, the action is barred by federal doctrines of comity and *Rooker-Feldman*.

**Sixteenth Affirmative Defense**

Plaintiff intentionally misleads this federal court as to the nature and extent of the rulings made against him by the California criminal court, and thus his claims are barred by the doctrine of unclean hands.

**Seventeenth Affirmative Defense**

Plaintiff and/or his counsel failed to conduct proper diligence, including necessary legal research, to determine, *inter alia*, that the applicable statutes of limitations barred Plaintiff's claims, that the state court orders issued against Plaintiff were conclusive until such time as Plaintiff took the steps necessary to reverse those orders, that no law required the LAPD to provide Plaintiff with notice after the 180-day period for him to

present sufficient proof that he owned the firearms had expired, and that his failure either to seek a writ of mandate to compel the LAPD to find his proof adequate or to file an action for replevin within the appropriate deadlines barred his claims. Accordingly, Plaintiff has violated Federal Rule of Civil Procedure 11, subjecting himself to monetary sanctions as well as dismissal of his action.

### Eighteenth Affirmative Defense

Defendants allege that the injuries and damages Plaintiffs complain resulted from the acts and/or omissions of others, and without any fault on the part of Defendants.

### Nineteenth Affirmative Defense

Defendants allege that all actions by them or their agents were undertaken in good faith and with the reasonable belief that said actions were valid, necessary and constitutionally proper.

### Twentieth Affirmative Defense

Defendants are immune from liability for the state law remedies pursuant to various California Government Code sections, including but not limited to sections 820.2, 820.21, 820.25, 820.4, and 820.6.

### Twenty-First Affirmative Defense

Defendant alleges that Defendants' acts were privileged under applicable statutes and case law.

### Twenty-Second Affirmative Defense

Defendants are entitled to qualified or absolute immunity for actions taken during the investigation of and litigation against Plaintiff in the California criminal court.

### Twenty-Third Affirmative Defense

All actions taken by the LAPD were taken pursuant to court orders procured according to valid process, and thus all actions taken in this action are shielded from liability.

### Twenty-Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or part, by the doctrine of waiver.

20

**Twenty-Fifth Affirmative Defense**

Plaintiff's claim for rental value of the firearms fails for lack of proof that Plaintiff had any legal entitlement to return of the firearms after they were seized and never ordered to be returned by the California criminal court.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands trial by jury.

**PRAYER**

WHEREFORE, Defendants pray that:

1.    The Complaint be dismissed;

2.    Plaintiff takes nothing by this proceeding;

3.    Defendant recover its reasonable attorneys' fees and costs; and

4.    The Court awards such other relief as it considers proper.

DATED:    September 28, 2015

MICHAEL N. FEUER, City Attorney
THOMAS H. PETERS, Chief Assistant City Attorney
RONALD S. WHITAKER, Assistant City Attorney
ERIC BROWN, Deputy City Attorney

By___/s/ Eric Brown_____
      ERIC BROWN
      Deputy City Attorney

Attorneys for Defendants
CITY OF LOS ANGELES, CHARLES L. BECK,
MICHAEL N. FEUER, WILLIAM J. BRATTON,
HEATHER AUBRY, RICHARD TOMPKINS, and
JAMES EDWARD