JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE WILLIAM WRIGHT, | ) CASE NO.  CV 15-5805-R |
| Plaintiff, | ) <br> ) ORDER GRANTING DEFENDANTS' <br> ) MOTION TO DISMISS |
| v. | ) <br> ) |
| CHARLES L. BECK, et al., | ) <br> ) |
| Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Before the Court is Defendants' Motion to Dismiss, which was filed on October 28, 2015. (Dkt. No. 21).  This Court took the matter under submission on November 30, 2015.

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper only when a complaint exhibits either a "(1) lack of a cognizable legal theory or (2) the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).  Under the heightened pleading standards of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," so that the defendant receives "fair notice of what

1    the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 570.  The Plaintiff

2    must plead factual content that allows the court to draw the reasonable inference that the defendant

3    is liable for the alleged misconduct.  *Iqbal,* 556 U.S. at 678.  The court will not accept "threadbare

4    recitals of the elements of a cause of action, supported by mere conclusory statements . . . "  *Id*.

5         Plaintiff's First Amended Complaint raises five causes of action: (1) Violation of Federal

6    Civil Rights Under Color of Law; (2) State Law Torts of Conversion & Trespass to Chattels; (3)

7    Violation of Racketeer Influenced and Corrupt Organizations Act; (4) Conspiracy to Violate

8    Racketeer Influenced and Corrupt Organizations Act; and (5) State Law Preemption Challenge to

9    LAPD Firearms Registration Policy.  All of Plaintiff's Causes of Action ultimately revolve around

10   his contention that the Los Angeles Police Department ("LAPD") retained his lawfully owned

11   firearms for longer than permitted by law, and unjustly destroyed them—interfering with his

12   ownership interest in the firearms.  As a state court has already necessarily determined that

13   Plaintiff did not establish his possessory interest in the later destroyed firearms, the basis for all

14   five of Plaintiff's Causes of Action fail, and his First Amended Complaint must necessarily be

15   DISMISSED.

16        Federal courts follow the traditional doctrines of collateral estoppel and res judicata.  *Allen*

17   *v. McCurry*, 449 U.S. 90, 94 (1980).  Collateral estoppel prevents a court from relitigating in one

18   case, an issue of fact or law that was necessary to the judgment in an earlier case.  *Id.*  Res judicata

19   prevents a court "from relitigating issues that were or could have been raised in [an earlier] action"

20   between two parties, when the earlier action had been disposed of as a final judgment on the

21   merits.  *Id.*  As a standard practice of judicial review, the judgments of lower courts are presumed

22   to be correct, "and when a lower court has made no specific findings of fact, it is presumed that

23   the court made such implied findings as will support the judgment."  *Hall v. Mun. Court*, 10 Cal.

24   3d 641, 643 (1974); *see generally Ellena v. State of Cal.*, 69 Cal. App. 3d 245, 254 (1977) ("The

25   trial court's determination of the factual issues bearing on collateral estoppel . . . is binding upon

26   this court unless a contrary conclusion is the only one that can reasonably be drawn from the

27   evidence").  "Federal courts must afford full faith and credit to state judicial proceedings."  28

28   U.S.C. § 1738; *Piatt v. MacDougall*, 773 F.2d 1032, 1034 (9th Cir. 1985) (explaining in the

2

1    context of a § 1983 action that "federal courts . . . must give res judicata or claim preclusive effect

2    to state court judgments").

3         On September 29, 2011, Plaintiff brought a motion before a state court to have the firearms

4    at issue returned to him.  Of the hundreds of guns that Plaintiff sought to regain custody of, the

5    Court only ordered 26 be returned.  Plaintiff's argument that the state court simply ignored the

6    hundreds of other guns that were not authorized for return is not persuasive.  When Plaintiff

7    brought a motion for the return of a large number of firearms, and the state court responded that

8    the Plaintiff was only entitled to the return of 26 of those guns, "it is presumed that the [state]

9    court made such implied findings as will support [its] judgment."  *See Hall*, 10 Cal. 3d at 643.

10   Without sufficiently alleging that the state court violated his rights under the United States

11   Constitution or federal statute, and that he has exhausted state court remedies for the correction of

12   any such alleged violations, this Court does not have the power to revisit an earlier state court

13   ruling.  *See generally* 28 U.S.C. § 1738; *Piatt*, 773 F.2d at 1034.  Plaintiff has failed to properly

14   allege either of these two required pleadings, instead focusing on alleged problems at the LAPD

15   that were, and/or could have been analyzed by the state court in 2011.

16        **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is GRANTED, without

17   prejudice.  (Dkt. No. 21).

18   Dated: December 14, 2015.

21                                    MANUEL L. REAL
22                              UNITED STATES DISTRICT JUDGE