C.D. Michel – SBN 144258
Joshua Robert Dale – SBN 209942
Anna M. Barvir – SBN 268728
Scott M. Franklin – SBN 240254
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
cmichel@michellawyers.com
jdale@michellawyers.com

Attorneys for Plaintiff
Wayne William Wright

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| WAYNE WILLIAM WRIGHT,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES L. BECK; MICHAEL N. FEUER; HEATHER AUBRY; RICHARD TOMPKINS; JAMES EDWARDS; CITY OF LOS ANGELES; and DOES 1 through 50,<br><br>Defendants. | Case No.: 2:15-cv-05805-R-PJW<br><br>**DECLARATION OF JOSHUA ROBERT DALE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR AWARD OF ATTORNEYS' FEES**<br><br>[Filed concurrently with Opposition to Defendants' Motion for Attorneys' Fees; Declarations of Anna M. Barvir, , Scott M. Franklin, Wayne W. Wright; Exhibits 1-23]<br><br>Date:        April 1, 2019<br>Time:        10:00 a.m.<br>Courtroom: 880<br>Judge:       Hon. Manuel L. Real<br><br>Judgement Entered: Jan. 31, 2019 |

1
DECLARATION OF JOSHUA ROBERT DALE

# DECLARATION OF JOSHUA ROBERT DALE

I, Joshua Robert Dale, declare as follows:

1. I am an attorney licensed to practice law in the state of California and before the United States District Court for the Central District of California. I am an attorney at the law firm Michel & Associates, P.C., attorneys of record for Plaintiff in this action. I have personal knowledge of the facts set forth herein and, if called and sworn as a witness, could and would testify competently thereto.

2. On December 6, 2018 I received an e-mail correspondence from Deputy City Attorney Felix Lebron, counsel for Defendants in this action. In that email, Mr. Lebron presented the City's offer to stipulate to *Monell* liability in exchange for a dismissal of all individual defendants with prejudice. Mr. Lebron stated "[t]he substance of the stipulation would be to the effect that if the acts or omissions of the City's employees are found to have violated Wright's constitutional rights under the Fourth or Fourteenth Amendments, that said acts or omissions were conducted pursuant to the City's policy, custom, and practices under *Monell*." A true and correct copy of Mr. Lebron's December 6, 2018 email correspondence is attached hereto as **Exhibit 18**.

3. On February 1, 2019, various attorneys from my office, including myself, received an email correspondence from Mr. Lebron regarding Defendants' intention to file their motion for attorneys' fees. In that email, Mr. Lebron referenced the City's prior offer to stipulate to *Monell* liability. A true and correct copy of Mr. Lebron's February 1, 2019 email correspondence is attached hereto as **Exhibit 19**.

4. I was also counsel of record in an unrelated case in the Southern District of California, *Linlor v. National Rifle Association of America*, No. 17-cv-00203-MMA-JMA. In that case attorney Alan Beck submitted a declaration in support of defendant's motion for attorneys' fees. That declaration is part of the court's file in No. 17-cv-00203-MMA-JMA, and a true and correct copy of Mr. Beck's declaration is attached hereto as **Exhibit 21.**

1 | I declare under penalty of perjury under the laws of the United States that the
2 | foregoing is true and correct. Executed March 4, 2019, within the United States.
3
4 | */s/ Joshua Robert Dale*
5 | Joshua Robert Dale
  | Declarant
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 18

**Laura Palmerin**

| | |
|---|---|
| **From:** | Felix Lebron <felix.lebron@lacity.org> |
| **Sent:** | Thursday, December 06, 2018 4:35 PM |
| **To:** | Joshua Robert Dale |
| **Subject:** | Wright v Beck - Pretrial Monell Stipulation - Confidential Settlement Communication FRE 408 |

Hi Josh,
I wanted to follow up with you regarding an issue that we briefly discussed during our pretrial conference of counsel on November 7, 2018.  Specifically, whether there would be any interest in trying to reach an agreement whereby the City would provide a *Monell* stipulation in exchange for a dismissal of all individual defendants with prejudice. The substance of the stipulation would be to the effect that if the acts or omissions of the City's employees are found to have violated Wright's constitutional rights under the Fourth or Fourteenth Amendments, that said acts or omissions were conducted pursuant to the City's policy, custom, and practices under *Monell*.

Assuming that this case does make it to trial, the proposed stipulation would narrow the number of claims and affirmative defenses to be tried since the failure to train claim is plead to establish *Monell* liability and qualified immunity doesn't apply to the City.  In addition, we would be able to substantially reduce the number of exhibits needed to try the case on the remaining Section 1983 claims for violation of the Fourth and Fourteenth Amendments.  One substantive change in the case would be that punitive damages are not available against the City.  That may or may not be a deal breaker for your client.

In any event, please let me know whether there is any interest on your end in pursuing further discussion regarding this proposal and trying to streamline the trial.  If so, we can schedule a call to discuss further and see whether we can reach an agreement.  If not, the parties can continue to move forward on our current course.  Either way, I appreciate a prompt response.

Thanks,
Felix

**Felix Lebron**
Deputy City Attorney
**Office of the Los Angeles City Attorney**
Business and Complex Litigation
200 N. Main Street, Rm 675
Los Angeles, CA 90012
Tel: (213) 978-7559
email: felix.lebron@lacity.org

****************Confidentiality Notice ***********************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.
****************************************************************

# EXHIBIT 19

**Laura Palmerin**

| | |
|---|---|
| **From:** | Felix Lebron <felix.lebron@lacity.org> |
| **Sent:** | Friday, February 01, 2019 4:34 PM |
| **To:** | Scott Franklin |
| **Cc:** | Joshua Robert Dale; Anna M. Barvir; Alexander A. Frank; Laura Palmerin; Patricia Ursea; Gabriel Dermer; Justin Grams |
| **Subject:** | Re: Wright v Beck et al: Request for L.R. 7-3 Call re Defendants' Motion for Attorneys' Fees 42 USC 1988 [MA-Interwoven.FID58938] |

Counsel,
Let's plan to talk on **Tuesday, February 5, 2019, at 11:00 a.m.** to conduct the L.R. 7-3 meet-and-confer call.  Please call my office direct for the call that day.

The Court's msj order and findings or fact and conclusions of law demonstrate that Defendants are entitled to fees under Section 1988 and the standard in Galen.  For example, Wright had no legal or factual basis for pursuing claims against Aubry.  Wright had no evidence that she played any role in the destruction of property, much less an unlawful or unconstitutional role.  Aubry was deposed in Sept. 2018 and should have been dismissed following her deposition.  Instead, Plaintiff refused to dismiss her from the case, even after the close of discovery on November 26, 2018.  Wright had no basis for pursuing claims against Feuer or Beck and no evidence that either was involved in the destruction of Wright's property.  Similarly, Wright had no evidence that either Edwards or Tompkins violated any state or federal law, court order or policy.  Indeed, Wright's core argument to the Ninth Circuit during the first appeal was that Judge Ryan Wright ordered the parties to meet-and-confer and return to his court.  Wright's own attorney - Silvoso - confirmed during his deposition that no such order was issued by Judge Wright during the September 2011 hearing.

Wright had no legal support for his jurisdiction argument under the Penal Code.  Wright had no legal authority to support any claim for violation of due process under Perkins v. City of West Covina, binding Supreme Court precedent established twenty years ago.  Perkins is directly on point and dispositive.  In September 2018, LASC further rejected arguments raised by Plaintiff's counsel that additional notice is required before seeking a disposition as inconsistent with Perkins and state law.  Wright nonetheless pressed on with his flawed legal arguments and conspiracy theories that lacked foundation in fact or law, and refused to dismiss any defendants, including after the close of discovery.  Wright had no evidence of any Monell claim against the City.  All evidence reflected that the City's polices and practices conformed to state and federal law.

Notwithstanding the frivolousness of Wright's claims, Wright, through his counsel, engaged in vexatious litigation conduct, including the filing of repeated motions to compel without substantial justification (that were all denied), filing 23 frivolous motions in limine to cause undue burden and harassment, listing hundreds of exhibits on the exhibit list not disclosed in accordance with F.R.C.P. 26, and refusing to dismiss the individual defendants even after the City offered to stipulate on Monell to streamline the trial.

Wright's claims and litigation conduct meet the standard for an award of Defendants' fees under Galen and Section 1988.  Wright's refusal to dismiss claims as discovery progressed and then closed further supports an award of attorneys' fees if not in whole, then in part, leading up to the Court's entry of order granting summary judgment.

Finally, just to be clear, Defendants will seek recovery of attorneys' fees connected to the Section 1983 claims and defenses.  We will not seek, for example, fees for the motion to stay or motion to dismiss, which was partially granted as to the RICO claims.  We are also not planning to seek fees for the period preceding the Ninth Circuit's remand to the District Court in 2018.

We can discuss further during our meet-and-confer call next Tuesday, February 5, at 11:00 a.m.

Regards,
Felix

Felix Lebron
Deputy City Attorney
Office of the Los Angeles City Attorney
Business and Complex Litigation
200 N. Main Street, Rm 675
Los Angeles, CA 90012
Tel: (213) 978-7559
email: felix.lebron@lacity.org


On Fri, Feb 1, 2019 at 2:38 PM Scott Franklin <SFranklin@michellawyers.com> wrote:

> Mr. Lebron:
>
> Your email of February 1, 2019, states "Defendants are entitled to an award of attorneys' fees here as prevailing civil rights defendants under Section 1988.  *Galen v. County of Los Angeles*, 477 F.3d 652, 666-668 (9th Cir. 2007)." The quoted language can be traced through several Ninth Circuit cases ultimately leading back to *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). Neither *Galen* nor *Christiansberg* stands for the proposition that a "prevailing civil rights defendant" is entitled to an award of attorney's fees as you state. What *Galen* actually holds is that "[a] district court may award attorneys' fees pursuant to 42 U.S.C. § 1988 to a prevailing civil rights defendant if the plaintiff's action was 'unreasonable, frivolous, meritless, or vexatious.'" Recently, the Supreme Court implicitly confirmed that, in this context, words like "unreasonable" are synonymous with the word "frivolous." *Fox v. Vice*, 563 U.S. 826, 834, 131 S. Ct. 2205, 2214, 180 L. Ed. 2d 45 (2011) ("In this context, § 1988 serves to relieve a defendant of expenses attributable to frivolous charges. . . . The defendant, of course, is not entitled to any fees arising from . . . non-frivolous charges. . . . [Defendant] concedes, as he must, that a defendant may not obtain compensation for work unrelated to a frivolous claim.")
>
> Accordingly, if Defendants intend to seek attorney's fees under Section 1988, they have to prove Plaintiff's conduct was frivolous. We cannot reasonably be expected to meet-and-confer on the motion you propose when the  City has not identified what, if anything, it claims was frivolous.
>
> In providing such information, I believe it would be particularly helpful for the City to explain any assertions it intends to make regarding the factors identified in the material quoted below.
>
>> In determining whether a suit is frivolous, unreasonable or groundless, this court has listed the following relevant factors: whether the issue is one of first impression requiring judicial resolution; whether the controversy is sufficiently based upon a real threat of injury to the plaintiff; whether the trial court has made a finding that the suit was frivolous under the *Christiansburg* guidelines; and whether the record would support such a finding.
>
> *Munson v. Friske*, 754 F.2d 683, 696–97 & n.9 (7th Cir. 1985).
>
> We are available on either the fourth or the fifth from 11:00 a.m. to 3:00 p.m. Please let us know today what date & time you prefer. Finally, please provide the information requested at least 24 hours before the meet-and-confer call.
>
> Sincerely,



**Scott Franklin**
Of Counsel

MICHEL & ASSOCIATES, P.C.
Attorneys at Law
Environmental - Land Use - Firearms - Employment Law
Civil Litigation - Criminal Defense

Direct:  (562) 216-4474
Main:   (562) 216-4444
Fax:    (562) 216-4445
Email:  SFranklin@michellawyers.com
Web:   www.michellawyers.com

180 E. Ocean Blvd.
Suite 200
Long Beach, CA 90802

This e-mail is confidential and is legally privileged.  If you have received it in error, you are on notice of its status.  Please notify us immediately by reply e-mail and then delete this message from your system.  Please do not copy it or use it for any purposes, or disclose its contents to any other person.  To do so could violate state and Federal privacy laws.  Thank you for your cooperation.  Please contact Michel & Associates, PC at (562) 216-4444 if you need assistance.

**From:** Felix Lebron [mailto:felix.lebron@lacity.org]
**Sent:** Friday, February 01, 2019 8:23 AM
**To:** Joshua Robert Dale <JDale@michellawyers.com>; Anna M. Barvir <ABarvir@michellawyers.com>; Alexander A. Frank <afrank@michellawyers.com>; Scott Franklin <SFranklin@michellawyers.com>; Laura Palmerin <lpalmerin@michellawyers.com>
**Cc:** Patricia Ursea <patricia.ursea@lacity.org>; Gabriel Dermer <gabriel.dermer@lacity.org>; Justin Grams <justin.grams@lacity.org>
**Subject:** Wright v Beck et al: Request for L.R. 7-3 Call re Defendants' Motion for Attorneys' Fees 42 USC 1988

Counsel,

The Court entered final judgment in the case yesterday, January 31, 2019.  Defendants will be filing their application to tax costs pursuant to F.R.Civ.P. 54(d) and L.R. 54-2, and separately filing a motion for attorneys' fees under 42 U.S.C. Section 1988 and pursuant to F.R.Civ.P 54(d) and L.R. 54-7.

Defendants must conduct a L.R. 7-3 meet-and-confer call before the filing the attorneys' fee motion, which must be filed on or before February 14, 2019.  *See* L.R. 54-7.  Defendants are entitled to an award of attorneys' fees here as prevailing civil rights defendants under Section 1988.  *Galen v. County of Los Angeles*, 477 F.3d 652, 666-668 (9th Cir. 2007).

Please let us know your availability for a L.R. 7-3 meet-and-confer call either later today, Friday Feb. 1, next Monday, Feb. 4, or next Tuesday, Feb. 5.  We will confirm a time/date for the L.R. 7-3 call on the fee motion as soon as we hear back from you regarding Plaintiff's counsel availability.

Thank you for your cooperation.

Regards,

Felix

Felix Lebron

Deputy City Attorney

Office of the Los Angeles City Attorney

Business and Complex Litigation

200 N. Main Street, Rm 675

Los Angeles, CA 90012

Tel: (213) 978-7559

email: felix.lebron@lacity.org

****************Confidentiality Notice ***********************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client
privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error,
please notify us immediately by e-mail and delete the original message and any attachments without reading or saving
in any manner.
******************************************************************

****************Confidentiality Notice ***********************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege
and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error,
please notify us immediately by e-mail and delete the original message and any attachments without reading or saving
in any manner.
******************************************************************

# EXHIBIT 21

C. D. Michel - SBN 144258
Joshua Robert Dale - SBN 209942
**MICHEL & ASSOCIATES, P.C**.
180 East Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Fax: (562) 216-4445
cmichel@michellawyers.com
Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LINLOR, an individual, pro se, and on behalf of his minor child A.L.<br><br>Plaintiffs,<br><br>v.<br><br>THE NATIONAL RIFLE ASSOCIATION OF AMERICA<br><br>Defendants. | CASE NO. 17-cv-00203-MMA-JMA<br><br>**DECLATION OF ALAN BECK IN SUPPORT OF MOTION FOR DEFENDANTS' SECOND REQUEST FOR ATTORNEYS' FEES PURSUANT TO CALIFORNIA CIVIL CODE § 3344 IN THE AMOUNT OF $18,25500**<br><br>Date:  August 7, 2017<br>Time:  2:30 p.m.<br>Courtroom:    3D |

## DECLARATION OF ALAN BECK

I, Alan Beck, declare as follows:

1. I am an attorney in private practice in San Diego County, California, and have practiced here since 2011. I began my practice in Hawaii in 2009. I am an attorney admitted to the practice of law before the courts of the State of California and the State of Hawaii. I have personal knowledge of the facts contained in this declaration and, if called as a witness, am competent to testify to those facts.

2. In 2007, I graduated from University of San Diego, School of Law in San Diego, California. I am a member of the California Bar Association.

3. I specialize in municipal liability law. I have been awarded fee awards in many cases by federal courts in both Hawaii and California. Because of my litigation background and my work on

-1-

attorney's fees matters, I am familiar with the prevailing market rates for skilled and competent civil litigation attorneys in the Southern California legal community.

4. In my practice, my normal rates with 8.5 years of civil litigation experience ranges from $275.00 per hour to $400.00 per hour. These rates are consistent with the rates charged by comparable attorneys in the Southern California community.

5. My firm's billing rates are charged to and paid by fee-paying clients of my firm and through court awards and settlements. They are also the rates my firm claims in fee applications in fee-shifting cases.

6. I have co-counseled in one case with Mr. Michel's firm in the past. And I have had several related firearms cases which have required me to become acquainted with the skills and experience of Mr. Michel and his associates. I am aware of the nature of this case and the hourly rates being charged by each of defendant's attorneys and their respective experience levels. In my professional opinion, these rates are reasonable and within the market range for comparably qualified and experienced attorneys handling comparable litigation in Southern California.

7. C.D. Michel's hourly rate of $600 is particularly justified because he has practiced law for more than 25 years, he is the Senior Partner at one of the largest firearms law practices in the nation, and he has litigated countless civil cases. Mr. Michel is a highly-respected attorney in civil litigation and is an acknowledge expert in firearms law. It is thus my opinion that Mr. Michel's hourly rate is reasonable for an attorney of his reputation, experience, and background, practicing civil litigation and firearms law in Southern California.

8. Joshua Robert Dale's hourly rate of $450 is a reasonable rate because he has practiced law for more than 15 years, he is the Managing Partner at one of the largest firearms law practices in the nation, he is its lead trial attorney, and his practice areas include civil litigation with an emphasis on employment, commercial, and firearms matters. It is thus my opinion that Mr. Dale's hourly rate is reasonable for an attorney of his reputation, experience, and background, practicing civil litigation in Southern California.

9. Ben A. Machida's hourly rate of $250 is a reasonable rate for Southern California associate attorneys in their third year of practice, and who practice in the areas of civil litigation, criminal law,

and business law. It is thus my opinion that Mr. Machida's hourly rate is reasonable for an attorney of his reputation, experience, and background, practicing civil litigation in Southern California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 21ˢᵗ of June, 2017.

_____
Alan Beck, declarant

# CERTIFICATE OF SERVICE

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Case Name: *Wright v. Beck, et al.*
Case No.: 2:15-cv-05805-R-PJW

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**DECLARATION OF JOSHUA ROBERT DALE
IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR AWARD OF ATTORNEYS' FEES**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Felix Lebron
felix.lebron@lacity.org
Gabriel S. Dermer
gabriel.dermer@lacity.org
Patricia Ursea
patricia.ursea@lacity.org
Office of the Los Angeles City Attorney
200 N. Main Street, Room 675
Los Angeles, CA 90012

I declare under penalty of perjury that the foregoing is true and correct.

Executed March 4, 2019.

                                          */s/ Laura Palmerin*
                                          Laura Palmerin