UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE WILLIAM WRIGHT,<br><br>        Plaintiff,<br><br>    v.<br><br>CHARLES L. BECK; et al.,<br><br>        Defendants. | CASE NO. 2:15-cv-05805-R-PJW<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO RE-TAX COSTS |

   Before the Court is Plaintiff Wayne William Wright's Motion to Re-Tax Costs, filed on May 7, 2019. (Dkt. No. 201). Having been thoroughly briefed by the parties, this Court took the matter under submission on June 11, 2019.

   The Court entered Judgment in Defendants' favor on all claims on January 31, 2019. (Dkt. No. 186). Federal Rule of Civil Procedure 54(d)(1) provides in relevant part that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *Kouichi Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 565 (2012). "Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

   First, the Court declines to stay consideration of the City's application for costs pending

1    the outcome of Wright's appeal.  Although the Court has deferred consideration of Defendants'
2    attorneys' fees motion until after the appeal, the same reasoning does not apply here.  The
3    requested attorneys' fees of $723,830.00 are substantially higher than the $14,993.53 in costs
4    taxed against Plaintiff.  Moreover, a request for attorneys' fees can be granted under 42 U.S.C. §
5    1988 only upon a finding that the action was "unreasonable, frivolous, meritless, or vexatious."
6    *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1402 (9th Cir 1994).  That standard does not apply to
7    an award of costs, which is granted routinely in most cases.

8         Based on that same reasoning, the Court declines Plaintiff's request to deny costs entirely.
9    Plaintiff's motion confuses and combines the relevant law for granting attorneys' fees under 42
10   U.S.C. § 1988 with that for granting costs.  As discussed above, the standards are entirely
11   different, and it is generally presumed that costs should be awarded to the prevailing party.
12   Moreover, the *Draper* factors do not support a complete denial of costs.  "Appropriate reasons for
13   denying costs include: (1) the substantial public importance of the case; (2) the closeness and
14   difficulty of the issues in the case; (3) the chilling effect on future similar actions; (4) the
15   plaintiff's limited financial resources; and (5) the economic disparity between the parties."
16   *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) (citations omitted).  In *Draper*, the court
17   considered that the plaintiff's case was "important for safeguarding the rights and safety of
18   prisoners," that the plaintiff's evidence was sufficient to survive summary judgment, that the jury
19   deliberated over the course of two days before reaching a verdict for the defendant, and that the
20   plaintiff and others in his position had "virtually no resources." *Id.* at 1088-89.  Although the
21   court vacated the district court's taxing of costs against the defendant, it noted that it would be an
22   abuse of discretion to award costs only "in the rare occasion where severe injustice will result
23   from an award of costs." *Id.* at 1089 (quoting *Save Our Valley v. Sound Transit*, 335 F.3d 932,
24   945 (9th Cir. 2003)).  Moreover, the *Draper* decision relies heavily on *Association of Mexican-*
25   *American Educators v. State of California*, where the court affirmed the denial of costs in the
26   "extraordinarily high" amount of $216,443.67.  231 F.3d 572, 591-93 (9th Cir. 2000).

27        Plaintiff's case is distinguishable from both *Draper* and *Association of Mexican-American*
28   *Educators* in several significant ways.  Plaintiff's case undoubtedly raises issues of substantial

public importance; however, that is true of virtually all § 1983 cases. Moreover, unlike in *Draper*, Plaintiff's case did not survive the summary judgment stage. Although Plaintiff states that he lacks the financial resources to pay either attorneys' fees or costs, he does not claim to have "virtually no resources." Plaintiff is not incarcerated, nor has he had to rely on court-appointed counsel in this litigation. Furthermore, Plaintiff has presented no argument to suggest that other potential plaintiffs in his position might be chilled from filing suit due to the risk of being assessed costs, and there is no reason to suspect that such a risk would have a greater chilling effect in cases like this one relative to disputes between private parties. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), the subject of which was a motion for attorneys' fees rather than a challenge to the assessment of costs, does not support Plaintiff's position. The same is true of *Hughes v. Rowe*, 449 U.S. 5 (1980). A prevailing Defendant, whether it is a government entity or a private party, is not required to show that the suit was meritless or frivolous in order to receive costs. The cost of bringing a lawsuit, relative to the value of what is at stake, is always a factor to consider regardless of the subject matter of the dispute. Finally, although the costs assessed in this case are higher than those in *Draper*, they are substantially lower than the "extraordinarily high" costs assessed in *Association of Mexican-American Educators*.

The Court may also deny costs because of "misconduct on the part of the prevailing party." *Ass'n of Mex.-Am. Educators*, 231 F.3d at 592. "A district court has discretion to deny costs to a prevailing party who was obstructive and acted in bad faith during the course of the litigation." Fed. Civ. Trials & Evid. § 19:25 (Rutter Group, June 2018 Update) (citing *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 539 (5th Cir. 1990)). Although the Ninth Circuit found that Defendant City of Los Angeles mischaracterized a 2011 Ventura County Superior Court hearing, which was a factor in this Court's now-reversed 2015 order dismissing Plaintiff's First Amended Complaint, the Court does not find that conduct to so obstructive or in bad faith as to justify a complete denial of costs. This case has continued for nearly a year and a half since the Ninth Circuit's reversal of that order, and Defendant has not engaged in comparable misconduct since.

Although the factors discussed above do not support a complete denial of costs to Defendants, Plaintiff has raised multiple issues supporting a reduction of costs. First, Defendants

1  voluntarily agreed to withdraw $441 in reproduction or copying costs for mandatory chambers
2  copies and discovery-related documents; however, that amount was not deducted by the Clerk.
3  Second, Plaintiff has made a convincing argument for the deduction of $832.50 in copy costs
4  which were either unnecessary to the case or for which Defendants failed to provide an
5  explanation regarding their necessity to the case.  Third, Defendants' $0.50 per page copy cost is
6  not in line with cases in this district and others within the Ninth Circuit.  *See, e.g.*, *In re Am.*
7  *Apparel, Inc. Shareholder Litig.*, 2014 WL 10212865, at *29 (S.D. Cal. July 28, 2014) (assuming
8  $0.20 per page is reasonable); *Keegan v. Am. Honda Motor Co., Inc*, 2014 WL 12551213, at *30
9  (C.D. Cal. Jan. 21, 2014) (approving $0.20 per page); *Carrie I. ex rel. Greg I. v. Dep't of Educ.,*
10 *Haw.*, 2012 WL 3655934 (D. Haw. Aug. 2, 2012) (stating practice of court to accept $0.15 per
11 page); *Fresenius Medical Care Holdings, Inc. v. Baxter International, Inc.*, 2008 WL 2020533, at
12 *6 (N.D. Cal. May 8, 2008) (approving $0.12 per page).  Accordingly, the Court finds a reduction
13 in copy costs from $0.50 to $0.12 per page is appropriate.  After accounting for the $441 and
14 $832.50 complete reductions already noted above, Defendants' total copy costs shall be reduced
15 from $2,481.50 to $289.92.  Lastly, in light of the Ninth Circuit's finding that Defendant City of
16 Los Angeles mischaracterized the 2011 Ventura County Superior Court hearing, this Court finds it
17 appropriate to deduct costs related to the order granting Defendants' motion to dismiss which was
18 later reversed.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**IT IS HEREBY ORDERED** that Defendants' Motion to Re-Tax Costs is GRANTED IN PART AND DENIED IN PART.  (Dkt. No. 201).

**IT IS FURTHER ORDERED** that Defendant shall submit a supplemental brief detailing Defendant's costs in relation to Defendant's Motion to Dismiss First Amended Complaint dated October 28, 2015 (Dkt. No. 21) no later than June 28, 2019.  Plaintiff shall file a responsive brief, if he chooses, no later than July 3, 2019.

Dated: July 1, 2019.

_____
HON. R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE