C.D. Michel – SBN 144258
Joshua R. Dale – SBN 209942
Anna M. Barvir – SBN 268728
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
cmichel@michellawyers.com
jdale@michellawyers.com

Attorneys for Plaintiff
Wayne William Wright

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| WAYNE WILLIAM WRIGHT, | Case No.: 2:15-cv-05805-R-PJW |
| Plaintiff, | **JOINT STIPULATION FOR DISMISSAL OF ENTIRE ACTION WITH PREJUDICE** |
| vs. | |
| CHARLES L. BECK; MICHAEL N. FEUER; HEATHER AUBRY; RICHARD TOMPKINS; JAMES EDWARDS; CITY OF LOS ANGELES; and DOES 1 through 50, | [Fed. R. Civ. P. 41(a)(1)(A)(ii)] |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(a)(ii), the parties to the above-captioned action, Plaintiff Wayne William Wright and Defendants City of Los Angeles, Charles L. Beck, Michael N. Feuer, and James Edwards, through their respective attorneys of record, hereby file this stipulation and request for dismissal of this entire action with prejudice.

WHEREAS, on October 25, 2021, the parties filed a Notice of Tentative

1

JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE

Settlement, informing this Court that the parties had agreed to all material terms of a settlement agreement and requested that this Court vacate the trial date and all trial-related dates and deadlines to give the parties time to fully memorialize the settlement agreement and obtain all necessary City Council approvals;

WHEREAS, the parties filed a Joint Status Report on January 14, 2022, informing this Court that an agreement of the general terms and language of a settlement had been reached but the final written settlement agreement was still being drafted;

WHEREAS, the parties filed a second Joint Status Report on April 13, 2022, informing the Court that the agreement had been finalized but additional time was required to obtain all necessary City Council approvals; and

WHEREAS, on May 10, 2022, the parties reached a final settlement of all claims in this action, having obtained all necessary City approvals and party signatures. The Settlement Agreement is attached hereto as Exhibit A and incorporated by reference.

///
///

1    THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and

2  between the parties, through their undersigned counsel, that pursuant to the terms of

3  the Settlement Agreement attached as Exhibit A, the entire action will be dismissed

4  with prejudice.  The Court to retain jurisdiction over enforcement of the settlement

5  for a period of 60 days to permit the settlement terms to be completed.

6    IT IS SO STIPULATED.

7  Dated: May 24, 2022          MICHEL & ASSOCIATES, P.C.

8

9                               */s/ Anna M. Barvir*
                                Anna M. Barvir
10                              Attorney for Plaintiff

11 Dated: May 24, 2022          Michael N. Feuer, City Attorney
                                Scott Marcus, Chief Assistant City Attorney
12                              Gabriel Dermer, Assistant City Attorney
                                Felix Lebron, Deputy City Attorney
13

14                              */s/Felix Lebron*
                                Felix Lebron
15                              Deputy City Attorney
16                              Attorney for Defendants

17

18    Pursuant to Civil Local Rule 5-4.3.4, the below filer attests that all signatories

19 listed above, on whose behalf the filing is submitted, concur in the filing's contents

20 and have authorized its filing.

21

22                              */s/ Anna M. Barvir*
                                Anna M. Barvir
23

24

25

26

27

28

3
JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE

# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This **SETTLEMENT AGREEMENT AND GENERAL RELEASE** (the "**Agreement**") is made and entered into as of this 24th day of March, 2022, by among the CITY OF LOS ANGELES, a municipal corporation existing under the laws of the State of California (the "**City**") and WAYNE WILLIAM WRIGHT (the "**Plaintiff**"). The City and Plaintiff will sometimes be each referred to as a "**Party**" or, collectively, the "**Parties**."

## RECITALS

A.  WHEREAS, on or around July 31, 2015, Plaintiff filed a lawsuit against the City, Los Angeles Police Department ("**LAPD**") Chief Charles L. Beck ("**Beck**"), LAPD Officer Richard Tompkins ("**Tompkins**"), LAPD Officer James Edwards ("**Edwards**"), Los Angeles City Attorney Michael N. Feuer ("**Feuer**"), and Assistant City Attorney Heather Aubry ("Aubry" and collectively the "**Defendants**") in the United States District Court, Central District of California, Case No. 2:15-cv-05805-DSF (ASx), alleging that the Defendants failed to release, damaged and/or destroyed certain firearms and other property in violation of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, 18 U.S.C. § 1961, *et seq.* (RICO), 18 U.S.C. § 1962(d) (Conspiracy to Violate RICO), and state law claims of conversion, trespass to chattels, and state law challenge to LAPD's firearm policies (the "**Federal Action**");

B.  WHEREAS, on or around January 13, 2016, Plaintiff filed a lawsuit against the City, Tompkins, Edwards, and Aubry in Los Angeles Superior Court ("**LASC**"), Case No. BC606993, alleging that Defendants failed to release, damaged and/or destroyed certain firearms and other property and engaged in other tortious conduct relating to the proceedings for the return of property in violation of state law, including causes of action for conversion, trespass to chattels, fraudulent deceit, tortious interferences with prospective economic advantage and tortious interference with contract  (the "**State Action**").

C.  WHEREAS, on January 30, 2019, the federal District Court entered summary judgment in favor of Defendants and dismissed all of Plaintiff's federal claims with prejudice (the "**Federal Judgment**");

D.  WHEREAS, on January 28, 2020, the LASC entered judgment in favor of Defendants and awarded Defendants attorneys' fees in the amount of $9,000.00 in the State Action, after  the California Second District Court of Appeal affirmed an order granting Defendants' motion to strike all of Plaintiff's state law claims under California Code of Civil Procedure § 425.16 (the "**State Judgment**");

E.  WHEREAS, on or around December 1, 2020, the United States Court of Appeal for the Ninth Circuit affirmed in part and reversed in part the Federal Judgment and remanded the Plaintiff's claim for violation of the Due Process Clause of the Fourteenth Amendment as to the City, Beck, Feuer, and Edwards for further proceedings.

F.  WHEREAS, Defendants expressly deny all claims and causes of action alleged in the Federal Action and the State Action, and further deny that any of the Defendants and any of the City's officers, employees, agents and persons acting on its behalf violated any laws or committed any wrongful acts or omissions against the Plaintiff as alleged in the Federal Action and State Action;

1

G.  WHEREAS, the Parties desire to fully and finally compromise and settle all claims arising out of or relating to all matters alleged or that could have been alleged in the Federal Action and State Action, without any admission of fault, liability or wrongdoing, in the interests of avoiding the additional expense and the inherent uncertainties of further litigation upon the terms and conditions set forth in this Agreement.

## **AGREEMENT**

NOW, THEREFORE, in consideration of the foregoing recitals and the mutual covenants and promises contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1.  SETTLEMENT PAYMENT.  The City shall pay a total amount of NINE HUNDRED AND NINETY THOUSAND DOLLARS AND NO CENTS ($990,000.00), which shall be inclusive of any and all claims for damages, attorneys' fees, or costs claimed by Plaintiff in the Federal Action and/or the State Action (the "**Settlement Sum**"). Plaintiff's counsel shall provide a completed and signed Form W-9 to the City upon execution of this Agreement and the City shall issue payment of the Settlement Sum in the form of a check made payable to the Michel & Associates, P.C. Trust Account within sixty (60) days of the Effective Date of this Agreement.  The Parties acknowledge and agree that the Settlement Sum is a lump-sum and all-inclusive payment made in consideration for covenants and promises set forth in this Agreement.

2.  DISMISSAL OF ACTION WITH PREJUDICE.  Plaintiff shall file a dismissal of the entire Federal Action with prejudice within ten (10) business days of the Effective Date of this Agreement.

3.  STATE JUDGMENT FEE AWARD.  The attorneys' fee award in the amount of $9,000.00, including any applicable post-judgment interest, under the State Judgment shall be deemed satisfied by Plaintiff upon the City's payment of the Settlement Sum as set forth in Section 1 of this Agreement.

4.  GENERAL RELEASE. Except for the rights and obligations set forth in this Agreement, the following release shall become effective as of the Effective Date of this Agreement for and in consideration of the covenants and promises set forth herein:

    a.  The undersigned Plaintiff to this Agreement, on behalf of himself, and his respective heirs, spouses, trustees, successors, assigns, agents, representatives, attorneys, employees, partners, insurers, and predecessors does hereby forever release, acquit, and discharge the Defendants and all of the City's boards, bureaus, departments, administrators, officers, elected officials, agents, employees, and all persons that acted on behalf of the City (collectively the "**City Released Parties**") from any and all claims, demands, actions, causes of action, suits, covenants, settlements, contracts, agreements, and liabilities for personal injuries, property damage, loss, cost or expense of every nature whatsoever, whether known or unknown, contingent or otherwise, at law or in equity, and whether or not expected to exist (the "**Claims**") which the undersigned Plaintiff to this Agreement had, have or may have against the City Released Parties, and each of

2

them, arising out of or related to the Federal Action and the State Action, and any allegations, events, transactions or occurrences that were alleged or that could have been alleged therein (the "**City Released Claims**").

b.  Except for the City Released Parties and City Released Claims set forth in Section 4 of this Agreement, Plaintiff reserves his right to assert a claim of ownership against a third-party person or entity for possession or return of a firearm, including a firearm believed to be destroyed at time of the execution of this Agreement, which was not destroyed and is found in the possession of such third-party person or entity.  This reservation of rights does not apply to the City Released Parties or City Released Claims.

c.  The undersigned Plaintiff to this Agreement further acknowledges and agrees that, as to the City Released Claims, Plaintiff waives and relinquishes the provisions of any protection under Section 1542 of the California Civil Code, and/or any similar law, either federal or of any state or territory of the United States or statute or applicable law anywhere existing.  Plaintiff acknowledges and agrees that he understands the meaning of California Civil Code Section 1542, which provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT,  IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

d.  The undersigned Plaintiff to this Agreement expressly acknowledges that he understands the significance and consequence of such specific waiver of Section 1542 as applied to the City Released Claims.

5.  CITY COUNCIL APPROVAL. The Parties understand and agree that this Agreement is subject to final approval by the Los Angeles City Council and other City officers, boards, commissions, or entities, and that the execution of this Agreement is subject to and conditioned upon the granting of all such City approvals needed to make this Agreement final and binding.  The person signing this Agreement on behalf of the City will recommend that this Agreement be so approved.  Once the City has formally and finally approved this Agreement, within five (5) business days of such approval being given, the City shall provide Plaintiff's counsel of record with written confirmation of said approval and commencement of the Effective Date.  As used herein, the "**Effective Date**" of this Agreement means the date on which all of the following has occurred: (i) the City has obtained all such City approvals needed to make this Agreement final and binding; and (ii) the Parties have each signed and exchanged duly executed copies of this Agreement.

6.  NO RELIANCE. Except as expressly set forth herein, the Parties are not entering into this Agreement in reliance upon any express or implied warranty, representation, agreement, or understanding of any kind made by, or entered into by, the Parties or any of their respective Affiliates.  The Parties expressly acknowledge and agree that they

have each relied upon their own information and investigations as to all matters agreed, represented, warranted, or acknowledged herein, and the Parties do not have any desire for further information or for further investigation.

7.  INTEGRATION. This Agreement supersedes any and all other agreements, understanding or representations, either oral or in writing, with respect to the matters addressed herein. This Agreement sets forth the entire agreement of the Parties hereto with respect to such matters.

8.  AMENDMENTS. The Parties hereto agree that this Agreement shall only be amended by written instruments executed by the Parties.

9.  ADVICE OF COUNSEL. In entering this Agreement, the Parties represent that they have had the opportunity to seek the advice of an attorney of their own choice, to review and explain the terms of this Agreement, and/or that they have voluntarily and willingly waived such right having read and understood the Agreement on their own behalf.

10. COMPLIANCE. Each of the Parties intends to, and hereby warrants and represents that they will, comply faithfully with its obligations under this Agreement in order that each Party receives the full benefit of its bargains under this Agreement, each provision of which is agreed to be important and material to the Parties. Each of the Parties understands that the other Party is relying upon such faithful compliance, and that the other Party would not execute this Agreement if they knew that the other Party had any such reservations or objections, and each of the Parties wishes to induce the other Party to rely upon and expect to receive and enjoy each of the rights and remedies specified in this Agreement.

11. GOVERNING LAW. This Agreement shall be construed in accordance with the laws of the State of California. If any action is filed to enforce or interpret any of the terms or provisions of this Agreement, the Parties agree that this Agreement is to be performed in the County of Los Angeles, State of California.

12. SEVERABILITY. If any provision of this Agreement shall for any reason be determined by a court of competent jurisdiction (sustained on appeal, if any) to be unenforceable in any respect, the remainder of this Agreement shall remain unaffected and in full force and effect.

13. COUNTERPARTS. This Agreement may be executed in any number of counterparts. Any such counterpart, when executed, shall constitute an original of this Agreement, and all such counterparts together shall constitute an original of this Agreement, and all such counterparts together shall constitute one and the same Agreement. Any photocopied, faxed or emailed version of this Agreement bearing one or more authentic signatures shall be valid, binding and admissible for all purposes as though original.

14. FURTHER ASSURANCES. Each Party agrees to make, execute and deliver such other instruments or documents, and to do or cause to be done such further or additional acts, as reasonably may be necessary in order to effectuate the purposes or to implement the terms of this Agreement.

EXECUTION VERSION

15.  BINDING.  This Agreement shall be binding upon and inure to the benefit of the Parties, their heirs, successors, assigns and Affiliates.

16.  NO THIRD-PARTY BENEFICIARIES.  There are no intended third-party beneficiaries that may assert rights or defenses under this Agreement, except Parties to this Agreement and the Defendants.

17.  WAIVER.  No waiver of any provision of this Agreement shall be effective unless such waiver is in writing and signed by the waiving Party, and any such waiver shall not be deemed a waiver of any other provision of this Agreement.

18.  NO ADMISSION OF LIABILITY.  This Agreement is in compromise of disputed claims, and neither the execution and delivery of this Agreement, nor the performance of any obligations thereunder, shall be construed as an admission of liability or wrong doing or as an admission of any other matter on the part of any of the Parties, Defendants, or any of them.

19.  CONSTRUCTION.  This Agreement shall not be construed against any of the Parties and the rule of construing contract ambiguities against the party drafting the contract shall be inapplicable.

20.  EFFECT OF HEADING.  The headings used in this Agreement are for convenience only and shall not affect the construction or interpretation this Agreement.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be duly executed and delivered as of the date first above written.

**CITY OF LOS ANGELES**

By: _Felix Lebron_

Printed: Felix Lebron

Title: Deputy City Attorney

**WAYNE WILLIAM WRIGHT**

Reviewed and approved as to form and content:

Sean Brady
Michel & Associates, P.C.
Counsel for Plaintiff Wayne William Wright

5

15.  BINDING.  This Agreement shall be binding upon and inure to the benefit of the Parties, their heirs, successors, assigns and Affiliates.

16.  NO THIRD-PARTY BENEFICIARIES.  There are no intended third-party beneficiaries that may assert rights or defenses under this Agreement, except Parties to this Agreement and the Defendants.

17.  WAIVER.  No waiver of any provision of this Agreement shall be effective unless such waiver is in writing and signed by the waiving Party, and any such waiver shall not be deemed a waiver of any other provision of this Agreement.

18.  NO ADMISSION OF LIABILITY.  This Agreement is in compromise of disputed claims, and neither the execution and delivery of this Agreement, nor the performance of any obligations thereunder, shall be construed as an admission of liability or wrong doing or as an admission of any other matter on the part of any of the Parties, Defendants, or any of them.

19.  CONSTRUCTION.  This Agreement shall not be construed against any of the Parties and the rule of construing contract ambiguities against the party drafting the contract shall be inapplicable.

20.  EFFECT OF HEADING.  The headings used in this Agreement are for convenience only and shall not affect the construction or interpretation this Agreement.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be duly executed and delivered as of the date first above written.

**CITY OF LOS ANGELES**

By: _____

Printed: _____

Title: _____


**WAYNE WILLIAM WRIGHT**

Reviewed and approved as to form and content:

Sean Brady
Michel & Associates, P.C.
Counsel for Plaintiff Wayne William Wright

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CERTIFICATE OF SERVICE
## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Case Name: *Wright v. Beck, et al.*
Case No.: 2:15-cv-05805-R-PJW

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

## JOINT STIPULATION FOR DISMISSAL OF
## ENTIRE ACTION WITH PREJUDICE

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Felix Lebron
felix.lebron@lacity.org
Office of the Los Angeles City Attorney
200 N. Main Street, Room 675
Los Angeles, CA 90012

I declare under penalty of perjury that the foregoing is true and correct.

Executed May 24, 2022.

*s/ Laura Palmerin*
Laura Palmerin

CERTIFICATE OF SERVICE